### GLEASON *v.* STONE.

1. TRIAL—PRINCIPAL AND AGENT—ISSUE—QUESTION FOR JURY.

Where plaintiff brought suit to recover a balance of rent claimed to be owing to him by defendants, sublessees of another, conflicting testimony as to whether he was acting as principal or as agent of the lessee in the arrangement made with defendants to pay additional rent, presented a question of fact for the jury.

2. SAME—EVIDENCE—LANDLORD AND TENANT—RELEASE—PRINCIPAL
AND AGENT.

In such action, evidence sustaining the theory of defendants
that they dealt with plaintiff as agent of the lessee, and
that the latter subsequently agreed to take care of the
indebtedness for which suit was brought, was admissible.

3. SAME—ESTOPPEL—INSTRUCTIONS.

An instruction that, if defendants agreed to pay the last
month's rent, and in reliance thereon plaintiff paid it, that
there would be a sufficient consideration for the promise,
and defendants would be estopped to deny liability, fully
protected the rights of plaintiff.

4. APPEAL AND ERROR—REVIEW.

Where there was no request to charge on the question of
sufficiency of tender in the justice's court, and nothing
in the record to show that the attention of the trial court
was directed to the question, it is not before the Supreme
Court for review, although discussed in counsel's brief.

5. TRIAL—APPEAL AND ERROR—NEW TRIAL.

Where the evidence was in sharp conflict on the material
questions, the trial court did not err in refusing to direct
a verdict for plaintiff, or in refusing his motion for a
new trial on the ground that the verdict was against
the weight of the evidence.

Error to Kent; Cross, J., presiding. Submitted January 30, 1918. (Docket No. 82.) Decided March 27, 1918.

Assumpsit in justice's court by Clark H. Gleason against Clifton G. Stone and others for rent. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for defendants. Plaintiff brings error. Affirmed.

*Gleason & Lee* (*Myron H. Walker*, of counsel), for appellant.

*Rodgers & Rodgers*, for appellees.

One Henry Steinbrecher held a lease on certain property in Grand Rapids, consisting of two stores on the

ground floor and rooms on the second floor above them. The monthly rental was $125. The second floor was occupied by Steinbrecher for a tailoring establishment. One of the stores was sublet by him to a barber at $55 per month, the other to defendants at $65 per month. Steinbrecher seems to have been dissipated and went away for treatment for his habit, leaving his sons in charge of the business. They possessed some of their father's failings and Mrs. Steinbrecher grew apprehensive that the rent would not be paid so that the business could be kept going during her husband's absence. She saw the plaintiff, an attorney who had done some business for her husband, with reference to the situation. She also sent to the plaintiff a desirable tenant for the store occupied by the barber who was behind in his rent. The parties, so far as the record discloses, seem to be in accord to this point. As to subsequent points they disagree. It is the claim of the plaintiff that he took upon himself, as a matter of friendship for Mr. Steinbrecher, the arrangement of the matter so as to insure for the sublessees their continuance of possession and the collection of sufficient money from them to pay the $125 per month to Steinbrecher's landlord; that to do this he leased the store occupied by the barber to a new tenant at $57.50 per month and made an agreement with defendants that they should pay $67.50 per month for the balance of their term, thus insuring the nonforfeiture of the lease. It is his claim that defendants paid their monthly rent until the last month, when they, after repeated promises to pay the $67.50, tendered him the balance which would be due at $65 per month, and demanded a receipt. He refused this tender and brought this suit in justice's court. The defendants claim that they did not make an agreement with plaintiff to pay additional rent; that plaintiff called upon them claiming to represent Steinbrecher; that he did

ask for an increase of their rent by $2.50 per month; that he told them if the additional rent was not paid their lease would lapse and they would be put out; that they paid the additional rent demanded under protest, and with the statement from them that they would see Steinbrecher on his return and arrange with him; that on his return they did arrange with him that they should continue to pay plaintiff the amount demanded by him, and that he, Steinbrecher, then stated that he was down and out, but as soon as he got straightened away he would take care of it before the end of the lease; that not having done so, they tendered the balance due in accordance with the terms of their lease. Defendants had verdict and judgment upon the trial at the circuit upon appeal, and plaintiff brings the case here.

FELLOWS, J. (*after stating the facts*). If plaintiff, in making the arrangements with defendants, whatever they were, was acting solely as agent for Steinbrecher, and this was a question for the jury, then defendants were not prevented from dealing directly with his principal. It was the claim of plaintiff that defendants paid to him $67.50 per month rent because of an agreement with him individually to that effect. It was defendants' claim that such payments were made pursuant to an agreement with plaintiff's principal. It was not error for the court to admit testimony offered by defendants to sustain their claim, they having already given evidence making the question of plaintiff's agency one for the jury. Defendants' claim was not for an offset, but that they had paid and tendered the full amount due on their lease and agreement with plaintiff's principal. The court committed no error in admitting evidence of what this agreement was.

It was the claim of plaintiff that he paid the last month's rent in reliance on defendants' agreement to

pay the full $67.50 rent for that month and that the doctrine of estoppel should protect him in such payment. But defendants' testimony, as we have already stated, tended to disprove this. The court instructed the jury:

"If you find by a preponderance of the evidence that in June, 1916, when the last month's rent was due, the defendants, one or more of them, promised the plaintiff to pay the rent for that month to him, knowing that he was to pay the amount to the owner, and if you find that, relying upon that promise, plaintiff did pay the amount of $67.50 for defendants as a part of the $125.00 payment to the owners substantially as testified by the plaintiff, then I charge you plaintiff would be entitled to recover.

"In that event there would be a sufficient consideration for the promise and defendants, after such payment by plaintiff under such an agreement, would be estopped to deny liability to pay plaintiff the amount so paid by him."

.This instruction as fully protected the right of the plaintiff as the state of the evidence would permit.

It is stated in the brief of appellant, that the tender in justice's court did not include the costs and an interesting discussion follows as to the effect of the tender before suit brought accompanied by a demand for a receipt. But the record does not show very extensively the proceedings in justice's court, or the amount of the tender; it does show, however, an offer by defendants' counsel to be sworn on the trial at the circuit on the subject, and a statement by plaintiff's counsel that he would take his word for it. We are pointed to no request to charge on the subject, or to any place in the record where the attention of the trial court was directed to the question of tender; nor are we able to find it. It is only necessary for us to say that the question is not before us.

There was a sharp conflict in the evidence on the material questions in the case and the court did not err

in refusing to direct a verdict for the plaintiff, or in refusing his motion for a new trial on the ground that the verdict was against the weight of the evidence.

We have examined the other errors assigned and find them without merit.

The judgment is affirmed.

Ostrander, C. J., and Bird, Moore, Steere, Brooke, Stone, and Kuhn, JJ., concurred.