BANZHOF *v.* ROCHE.

1. NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.

In an action against the owner of an automobile with a trailer attached and the owner of a truck for personal injuries received by a 9-year-old girl when the trailer in which she was riding collided with the truck, where, at the conclusion of plaintiff's case, there was no evidence of negligence on the part of the owner of the automobile, but the evidence showed that the truck turned without warning and ran into the trailer, the trial judge was right in denying the motion of the owner of the truck for a directed verdict, and in directing a verdict for the owner of the automobile.

2. Same—Ordinances—Admissibility.

Although the violation of an ordinance is not negligence *per se*, it may be considered by the jury, together with the other evidence in the case, upon the question of negligence, and, therefore, it was not error to receive in evidence an ordinance regulating the use of trailers.

3. Same—Trial—Instructions—Concurrent Negligence.

Where, at the conclusion of defendant's case, there was proof tending to show negligence on the part of both defendants, and the jury would have been justified in finding that the negligence of both contributed to the accident, and was concurrent, the trial judge was in error in instructing them that plaintiff was not entitled to recover unless her injuries resulted solely from the negligence of the defendant in the case, since, where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 10, 1924. (Docket No. 3.) Decided July 24, 1924.

Case by Luella Banzhof, an infant, by her next friend, against Terrance P. Roche and the United Fuel & Supply Company for personal injuries. Judgment for defendants. Plaintiff brings error. Affirmed as to defendant Roche, and reversed as to defendant company.

*G. Sweetman Smith,* for appellant.

*J. Nelson Pyle (Keena, Lightner, Oxtoby, Hanley & Crawford,* of counsel), for appellee Roche.

*Kerr, Lacey & Scroggie,* for appellee United Fuel & Supply Company.

Mr. Banzhof and defendant Roche were neighbors. Roche was the owner of a Dodge automobile. He also

owned a trailer used in connection with it.     Banzhof
was the owner of a larger trailer which he occasionally
loaned to Roche.     On the occasion in question Roche
had borrowed Banzhof's trailer.     Banzhof's daughter
Luella, the plaintiff, was a little over 9 years old.
She and Roche's daughter Mary were playmates.     On
the day in question the two girls were permitted to
ride in the trailer, the sides of which were about 16
inches high.     On the trip the trailer came in collision
with a truck owned by defendant company, the manner
of the collision being in dispute, and the two girls
were thrown out.     It is claimed that plaintiff was
injured, the extent being likewise in dispute.

In plaintiff's declaration numerous acts of negligence
were charged against defendant Roche, but upon the
trial plaintiff relied solely as against Roche upon the
claim that it was negligence for him to permit plaintiff
to ride in the trailer.     Plaintiff's counsel called Roche
under the statute for cross-examination and also pro-
duced his brother who accompanied him on the trip, as
a witness.     Their testimony fully exculpated defend-
ant Roche from any claim of negligence at the point
of accident, and tended to establish negligence of the
driver of defendant's truck.     At the close of plaintiff's
case both defendants moved for a directed verdict.
The motion of defendant Roche was granted and that
of defendant company was denied.     Defendant com-
pany through its counsel insisted in its defense that
plaintiff and defendant Roche were acting in concert
to fix liability on defendant company and testimony
tending to sustain this charge was introduced.     De-
fendant's counsel also over objection introduced in
evidence certain provisions of an ordinance of the city
of Detroit having reference to trailers, the material
provisions being as follows:

"All trailers must track within six inches of the pre-
ceding vehicle.

"Couplings: Trailers shall be attached to the preceding vehicle by means of a coupling. Two safety chains, one on each side of the coupling, must also be used. Both chains must be attached to the same part of the chassis as is the coupling. Each chain must be of sufficient strength to pull the trailer or trailers attached to it, when loaded with maximum capacity."

And defendant's counsel developed that the trailer in question had no safety chains upon it. The driver of the truck of defendant company, not then in its employ, was also called as a witness. His testimony was that he was driving carefully at about 8 miles an hour, that he did not turn from his course or run into the trailer; that Roche passed him going at the rate of 15 to 18 miles an hour; that the trailer was "wobbling" and that the wheel of the trailer ran into the wheel of the truck, causing the accident. Other testimony corroborating defendant's claim was produced. The jury rendered a verdict for defendant company.

FELLOWS, J. (*after stating the facts*). We are persuaded that the trial judge was right in denying the motion of defendant company for a directed verdict, and in directing a verdict for defendant Roche on the state of the record at the time these motions were made. There was testimony then in the case tending to show that the truck turned without warning and ran into the trailer, thus throwing plaintiff to the pavement  As to defendant Roche the only negligence claimed was in permitting plaintiff to ride in the trailer. There is nothing in the record, and no facts of which we may take judicial notice, tending to show that the trailer was an unsafe place in which to ride, if it was properly equipped and carefully operated. The difficulty in plaintiff's case against defendant Roche is that counsel abstained from putting

in testimony to sustain the allegations of the declaration of negligence on his part, evidently in the expectation that liability would be found against the corporation.

It was not error to receive the ordinance in evidence. It is too well settled to need the citation of authorities that while the violation of an ordinance is not negligence *per se,* it may be considered by the jury, together with the other evidence in the case upon the question of negligence.

From what has already been said it will be noted that when defendant company had concluded its proof there was testimony tending to show negligence on the part of both defendants. It was conflicting and its credibility and weight, of course, was for the jury. They would be justified in accepting or rejecting either of the conflicting versions of the accident in whole or in part; they would have been justified in reaching the conclusion that either defendant was wholly to blame; and they would have been justified in concluding that the negligence of both contributed to the accident and was concurrent. Under these circumstances it was error for the trial court in submitting the case to the jury upon the liability of defendant company alone to instruct them:

"At this period of the case it is your duty to determine whether or not the defendant, the United Fuel & Supply Company, is guilty of negligence as charged by the plaintiff in her declaration.

"The burden of the proof in this case rests upon the plaintiff to satisfy you by the preponderance of the evidence that she is entitled to recover, and that means that she must show that the injury that she claims was sustained by her resulted by reason, *solely,* of the negligence of the defendant in this case. That is a question of fact for you to determine from all of the evidence in this case, from the ordinance offered here in evidence, as well as the oral testimony offered for your consideration from the stand."

It is elementary that where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had. If the negligence of the defendant company caused the injury it is not absolved from liability because the concurrent negligence of Roche contributed to the result.

The judgment must be affirmed as to defendant Roche and reversed as to defendant company and a new trial granted as to it. Defendant Roche will recover costs against plaintiff. Plaintiff will recover costs of this court against defendant company.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.