GRAEGER v. HAGER.

1. AUTOMOBILES—PEDESTRIANS—VERDICT—GREAT WEIGHT OF EVI-
    DENCE.
    Verdict for motorist in pedestrian's action for injuries sustained
        when she was hit by his car while crossing a street *held*, not
        against the great or overwhelming weight of the evidence.

2. APPEAL AND ERROR—TRIAL—INSTRUCTIONS.
    Instructions in pedestrian's action against motorist *held*, with-
        out error and to have covered the issues fairly and completely.

3. SAME—REQUESTS TO CHARGE—QUESTIONS REVIEWABLE.
    Complaint that court erred in failing to give requests to charge
        submitted by appellants is not considered where record does
        not contain such alleged requests.

4. NEW TRIAL—DISCRETION OF COURT—WEIGHT OF EVIDENCE.
    Trial court's discretion in the matter of granting new trial will
        not be interfered with by this court unless the abuse of that
        discretion is palpable; nor because verdict is contrary to the
        great weight of the evidence where testimony is conflicting.

5. SAME—AUTOMOBILES—CUMULATIVE TESTIMONY—CONTINUANCES.
    Denial of new trial because one witness for plaintiff became ill
        suddenly and was unable to proceed with direct-examination
        *held*, not an abuse of discretion, where it is shown that testi-
        mony of such witness who accompanied plaintiff across street
        when struck by defendant's car was no more than cumulative
        of plaintiff's own testimony and no continuance was asked.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted January 21,
1936. (Docket No. 77, Calendar No. 38,762.) De-
cided April 6, 1936.

Case by Minnie A. Graeger against Nicholas E.
Hager for personal injuries sustained when struck
by defendant's automobile. Verdict and judgment
for defendant. Plaintiff appeals. Affirmed.

*Walter M. Nelson* and *Dale Souter,* for plaintiff.

*Linsey, Shivel, Phelps & VanderWal,* for defendant.

Toy, J.   About 10 p. m. on September 16, 1934, the plaintiff and one Metta Miller were crossing Plainfield avenue in the city of Grand Rapids.   When they reached a point between the street car tracks about in the center of the street they stopped to observe traffic and when plaintiff stepped forward to complete the crossing she was struck by the Buick automobile of defendant.   Plaintiff claims to have suffered injuries as a result of the accident and brought this action to recover damages therefor. Jury trial was had and a verdict returned for defendant of no cause of action.   Plaintiff moved for new trial, but her motion was denied.   She appeals to this court.

Three contentions are here presented by the appellant:

1.   That the verdict was against the great and overwhelming weight of the evidence.

2.   That the trial court failed to properly and fully instruct the jury.

3.   That the trial court was in error in its denial of plaintiff's motion for new trial.

We will consider these claims in order.

1.   After a careful review of the record, we cannot say that the verdict is against the great and overwhelming weight of the evidence.   Both parties testified; they both produced witnesses to the accident; and, as is usual in this type of case, neither party nor the witnesses produced by them were in accord, but, on the contrary, their testimony was in direct conflict.   We have many times held that where such conflict of testimony exists, we will not grant a new

trial on the ground that the verdict is against the great and overwhelming weight of the evidence. *Ward* v. *Village of Birmingham,* 262 Mich. 466; *Barnum* v. *Berk,* 256 Mich. 363; *Fabbro* v. *Soderstrom,* 252 Mich. 455; *Marsh* v. *Barnard,* 236 Mich. 471; *Downing* v. *Underwood,* 216 Mich. 401; *Gleason* v. *Stone,* 200 Mich. 187.

2. We find no error in the instructions given by the court to the jury. The charge of the court covered the issues fairly and completely, without needless repetition or reiteration. Counsel for plaintiff complain that the court erred in failing to give requests to charge submitted by them. The record does not contain the alleged requests to charge, therefore we cannot consider this complaint.

3. Miss Metta Miller, who was with the plaintiff when the accident occurred, was sworn as a witness for plaintiff, and while testifying, on direct examination, to details immediately preceding the accident, the following occurred:

"*Q.* You saw that car stop there?

"*A.* Yes. (Witness sobbing.)

"*Mr. Nelson:* Perhaps we better withdraw the witness for the time being.

"*Mr. Linsey:* Is there any reason why she can't go on?

"*Mr. Nelson:* Nothing that you can see probably. I will try.

"*Q.* Miss Miller, are you feeling well enough to proceed? Are you ill yourself?

"*A.* Yes, sir.

"*Q.* You are ill with—

"*A.* With arthritis.

"*Q.* You tell us if you feel able to go ahead; if you don't we will not try.

"*A.* May I be excused?

"*Mr. Nelson:* Yes."

(Witness here left the stand.)

At the close of plaintiff's case the following colloquy occurred:

"*Mr. Nelson:* The only thing I can say about Miss Miller is, she is not here. I do not desire to take any advantage of that situation one way or the other; otherwise the plaintiff rests.

"*Mr. Linsey:* I believe in view of the doctors' testimony that the testimony of Miss Miller ought to be stricken out. We can't cross-examine her very well.

"*Mr. Nelson:* On the whole record, whatever the court rules, in regard to Miss Miller's testimony, will be satisfactory. We realize she is not able to go ahead, and we realize equally that our brother is in a difficult position to cross-examine. We do not desire to take any advantage of the situation.

"*The Court:* Then her testimony may be stricken."

The verdict, against the plaintiff, was rendered on April 23, 1935. On May 10, 1935, she made a motion for new trial, and attached thereto the affidavit of one Dr. Byers, relative to the condition of Miss Miller, which in part stated:

"That said Metta Miller, with deponent's knowledge and approval, has gone into the country to rest and recuperate, and so far as possible regain her health and strength, and that it is the opinion of deponent that said Metta Miller, in the event a new trial is granted in the above entitled cause, will be able to give her testimony as to the facts and circumstances surrounding the accident referred to in plaintiff's declaration in said cause, either by way of deposition or, possibly, by her personal appearance in court."

The trial judge in denying the motion for a new trial, stated:

"From this record, it will be seen that no objection was made at the time, to the striking out of

Miss Miller's testimony. She had testified in part, and there were other eyewitnesses who testified in behalf of the plaintiff as to the manner in which the accident occurred."

A motion for rehearing on the motion for new trial was filed by plaintiff on June 14, 1935, based upon the deposition of Miss Miller, taken on June 3, 1935, in the office of one of plaintiff's counsel, in the Grand Rapids Trust Building, in Grand Rapids. Attached to the notice of taking such deposition, was another affidavit of Dr. Byers, dated May 24th, in which he stated:

"That said Metta Miller is sick and suffering from a nervous disorder, and said Metta Miller is not now and in affiant's opinion will not be physically able to appear in court as a witness in the trial of any lawsuit and, further, that her nervous condition is such that it would jeopardize her health and, possibly, her life, for her to appear in court as a witness."

The deposition of Miss Miller covers more than 20 pages of the record and sets forth, in the main, her version of the accident. The deposition ends with the following question by plaintiff's attorney and answer of the witness:

"*Q.* As you give your testimony here, Miss Miller, you are sitting in a breeze between two windows?
"*A.* Yes, sir."

In denying the latter motion the trial judge said:

"The court has examined this deposition and does not find that any additional or new evidence would have been received had the said Metta Miller been able to continue her testimony upon the trial of this cause. It is rather cumulative of the testimony of the plaintiff herself, and I am of the opinion that the court would be unwarranted in granting a new trial."

Trial courts have a large discretion in the matter of granting new trials, and this court will not interfere unless the abuse of that discretion is palpable. *Hoskin-Morainville Paper Co.* v. *Bates Valve Bag Corp.*, 268 Mich. 443; *J. L. Hudson Co.* v. *Barnett,* 255 Mich. 465; *Leary* v. *Fisher,* 248 Mich. 574; *McLean* v. *American Railway Express Co.,* 243 Mich. 113; *Decker* v. *Fair,* 222 Mich. 507; *General Necessities Corp.* v. *Wayne Circuit Judge,* 214 Mich. 138; *Zeilman* v. *Fry,* 213 Mich. 504; *Hayes* v. *Ionia Circuit Judge,* 125 Mich. 277.

The testimony of Miss Miller, as appeared from her deposition, would be no more than cumulative to other testimony in the case. This makes the instant case distinguishable from that of *Chicago & G. T. R. Co.* v. *Newton,* 89 Mich. 549.

At the trial, counsel for plaintiff made no move to save to themselves this witness. They voluntarily took the hazard of proceeding with the trial in her absence and without her testimony. No continuance was asked for the purpose of ascertaining whether this witness would be later available or, if not, then whether her deposition might be secured. Counsel for plaintiff made no request of the court to meet the situation, but, on the contrary, said at the close of his case:

"The only thing I can say of Miss Miller is, she is not here. I do not desire to take advantage of that situation one way or the other."

In the very early New York case of *Depeyster* v. *Columbian Insurance Co.,* 2 Caines (N. Y.), 85, a situation, almost parallel to the instant case was extant. We quote from the opinion of the court in that case:

"A motion for a new trial is made on the following grounds:

"1. Because the plaintiffs were deprived of the full benefit of the testimony of one of the witnesses, by reason of his sudden illness. This witness was not seized with a fit until plaintiffs had examined and given him over to the defendants; but had it been otherwise, they should have suffered a non-suit. Instead of this they proceed with the trial, examine other witnesses, and take the chance of a verdict on the testimony then in their power. After this they come too late for a new trial."

We find no abuse of discretion upon the part of the trial judge in denying plaintiff's motion for new trial.

The judgment is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.