BARKMAN v. MONTAGUE.

1. PLEADING—NEGLIGENCE—CONCURRENT NEGLIGENCE—JOINT NEGLI-
   GENCE.

   Declaration, containing a single count, which alleged specific acts
   of independent negligence by each defendant and which also
   charged that the concurrent negligence of both defendants
   brought plaintiff injury, did not constitute a charge of joint
   negligence.

2. NEGLIGENCE—CONCURRENT NEGLIGENCE.

   Concurrent, as distinguished from joint negligence, arises where
   the injury is proximately caused by the concurrent wrongful
   acts or omissions of two or more persons acting independently.

3. SAME—CONCURRENT NEGLIGENCE—SEPARABILITY OF DAMAGE.

   Unless the damage caused by two tortfeasors acting concurrently
   is clearly separable, permitting the distinct assignment of
   responsibility to each, each is liable for the entire damage, the
   degree of culpability being immaterial.

4. TORTS—DISCONTINUANCE OF ACTION AGAINST ONE OF SEVERAL
   DEFENDANTS—COURT RULES—VERDICTS AND FINDINGS.

   Court rule providing that in case an action is brought against
   two or more defendants, the plaintiff should not be required
   to discontinue as to any of them, but requiring jury by its
   verdict or court by its finding in a trial by the court without a
   jury to show which of them are, and which are not, liable to
   plaintiff is applicable to actions ex delicto (Court Rule
   No. 38, § 3 [1933]).

5. NEGLIGENCE—CONCURRENT NEGLIGENCE—PROXIMATE CAUSE—
   JUDGMENT.

   Where injury results from the concurrent negligence of two or
   more, each proximately contributing to the result, recovery may
   be had against one or more, although but one satisfaction may
   be had.

6. APPEAL AND ERROR—RECORD—AUTOMOBILES—CONTRIBUTORY NEG-
   LIGENCE—VERDICTS AND FINDINGS.

   In action by party who was injured in an automobile accident
   at an intersection, where record on plaintiff's appeal from

---

Rules governing concurrent negligence, see 2 Restatement, Torts,
§ 432 (2) and also comment thereunder.

judgment for defendant *non obstante veredicto* for plaintiff does not contain court's charge to jury relative to issue of contributory negligence of plaintiff, Supreme Court must assume instructions covered such issue and that jury's verdict was upon a finding of due care upon his part.

7. AUTOMOBILES —INTERSECTIONS —NEGLIGENCE —EVIDENCE —QUESTION FOR JURY.

After car driven by one defendant and another car had overtaken, passed, and stopped suddenly at intersection in front of, car in which plaintiff was riding, plaintiff's driver had veered to right to avoid hitting them and then left to avoid a tree and on across left traffic lane onto berm and into shallow ditch where the car is alleged to have come to rest when struck by second defendant's oncoming car, evidence *held*, to support verdict for plaintiff; the issue as to whether or not the collision could have occurred as claimed by plaintiff being an issue of fact for the jury.

8. PLEADING—AMENDMENT—VARIANCE—EVIDENCE.

In action for injuries sustained when car in which plaintiff was riding had come to rest off the pavement on its wrong side of the road after successful avoidance of collision with two cars preceding it that had stopped suddenly, and tree, where declaration stated that a second defendant motorist drove his oncoming car to the right off the pavement at a high and excessive rate of speed and collided with plaintiff's car, and proofs were in accord with such allegations, no amendment to the declaration was necessary to cure a variance.

BUSHNELL, BOYLES, and NORTH, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted January 15, 1941. (Docket No. 36, Calendar No. 41,034.) Decided May 21, 1941.

Case by Clarence Barkman against Frank Montague and Fred Webster for injuries arising out of an automobile collision. Directed verdict for defendant Webster. Judgment for defendant Montague *non obstante veredicto* for plaintiff. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff against defendant Montague.

*White & White*, for plaintiff.

*Burns & Hadsell* and *Harold F. Klute,* for defendants.

WIEST, J. The afternoon of June 25, 1937, plaintiff was riding in an automobile in an easterly direction over a two-lane paved highway when two cars passed and, he claims, suddenly stopped at or near the intersection of a crossroad and, to prevent collision, the driver of the car in which he was riding swerved to the right and, to avoid striking a tree, turned to the left, crossed the westward traffic lane and the car came to a stop off the pavement, partly off the berm at the north side of the pavement and in a shallow ditch. While in that position he claims defendant Montague, in driving his car westward at a high rate of speed, left the pavement and caused his car to strike the car in which plaintiff was riding, causing him injuries.

Defendant Montague claimed the collision occurred on the pavement and was caused by the car in which plaintiff was riding coming suddenly from behind the other cars and into his proper lane of travel.

The negligence charged against defendant Webster was in so suddenly stopping his car without warning as to force plaintiff into the position he was in when injured.

On motion of defendant Webster, at the close of plaintiff's proofs, the court directed a verdict in his favor, and this review does not involve that direction except the claimed effect thereof on the right of plaintiff to proceed to judgment against defendant Montague.

One question is whether, under a declaration charging specific acts of negligence by each of two defendants and alleging such negligence concurred in causing personal injury to plaintiff, does the dis-

charge by the court of one defendant, in point of law, preclude a verdict and judgment against the other defendant.

Upon trial by jury, at the close of plaintiff's proofs, the court directed a verdict discharging defendant Webster and reserved decision on the motion of defendant Montague for a directed verdict in his favor. Defendant Montague put in his proofs and the jury rendered a verdict against him for $1,500.97. The court, notwithstanding the verdict, entered judgment in favor of defendant Montague on the grounds that:

"When the court directed a verdict in favor of Webster, that put an end to any 'combined and concurrent' negligence theory, which was the only theory of plaintiff's declaration.

"I am now of the opinion that, when the court directed a verdict in favor of Webster, then for that reason the court should also have directed a verdict in favor of Montague.

"The declaration being planted solely upon the theory of concurrent and combined negligence, plaintiff must stand or fall upon that theory."

The court also found plaintiff guilty of contributory negligence as a matter of law and the verdict as to Montague was against the overwhelming weight of the evidence.

Plaintiff appeals.

The declaration of a single count alleged specific acts of independent negligence by each defendant and, while it also charged that the concurrent negligence of both defendants brought him injury, did not constitute a charge of joint negligence.

In *Carr* v. *St. Louis Auto Supply Co.*, 293 Mo. 562, 569 (239 S. W. 827), a suit for personal injury, occasioned by an automobile accident, the court adopted the well-established rule stated in 1 Shear-

man & Redfield on Negligence (6th Ed.), § 122, as follows:

" 'Concurrent, as distinguished from joint negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. That the negligence of another person than the defendant contributes, concurs or co-operates to produce the injury is of no consequence. Both are ordinarily liable. And unless the damage caused by each is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage. The degree of culpability is immaterial.' "

Court Rule No. 38, § 3 (1933), relative to an action brought against two or more defendants, applies to actions *ex delicto*. *Pruner* v. *Railway,* 173 Mich. 146.

In *Banzhof* v. *Roche,* 228 Mich. 36, 41, it was said:

"It is elementary that where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had. If the negligence of the defendant company caused the injury it is not absolved from liability because the concurrent negligence of Roche contributed to the result."

The court was in error in holding that under the declaration the discharge of one defendant, by direction of the court, prevented recovery against the other defendant.

The record does not contain the charge to the jury and we must assume the instructions covered the issue of contributory negligence of plaintiff and, therefore, the verdict in favor of plaintiff was upon a finding of due care on his part.

The finding by the court that the verdict was against the great weight of the evidence has caused an examination to be made of the evidence and brought us to conclusion that the verdict on the facts was supported by evidence and should stand.

The point that, as a physical fact, the collision could not have occurred as claimed by plaintiff was an issue of fact for the jury.

We find no fatal variance between the specific allegations of defendant Montague's negligence and plaintiff's proofs.

The declaration alleged in part:

"That the said defendant, Montague, disregarding his duty in the premises, drove and propelled his said vehicle to his right, or the northerly side of said pavement, and clear off the paved portion thereof, along and upon the berm or shoulder of said highway, and was so driving and operating the same at a high and excessive rate of speed, at the time of the impact above referred to."

This was in accord with plaintiff's proofs, and no amendment to the declaration was necessary.

The judgment is reversed, with costs, and the case remanded to the circuit court for entry of judgment on the verdict.

SHARPE, C. J., and CHANDLER, McALLISTER and BUTZEL, JJ., concurred with WIEST, J.

NORTH, J. (*dissenting*). Review of this record brings the conviction that the circuit judge was right in entering judgment *non obstante veredicto* and that the judgment should be affirmed. On the motion for judgment *non obstante veredicto*, the circuit judge carefully reconsidered appellee's motion for a

directed verdict on the ground that as a matter of law plaintiff's driver was guilty of contributory negligence which is attributable to plaintiff. In so doing the circuit judge was mindful that the testimony on this issue must be construed most favorably to appellant.

On this issue it is sufficient to note briefly the following facts. The automobile in which plaintiff was riding was travelling on a paved highway in an easterly direction. It was preceded by two other automobiles, each of which had just recently passed plaintiff's car. As the three cars approached an intersecting highway on which the driver of the leading automobile apparently desired to turn to his left, he observed two automobiles coming from the east, defendant Montague's car followed by another. The leading eastbound car stopped rather suddenly. The next following car also came to a stop behind the leading car. But plaintiff's car, clearly because it was being driven too close to the car ahead of it or at an excessive rate of speed, was first swerved by its driver to the right, obviously to avoid the danger of hitting the immediately preceding car; and then the driver of plaintiff's car, fearing collision with a tree at the right of the pavement, suddenly turned his car to his left, crossed over the westbound portion of the pavement, over the 3- or 4-foot shoulder of the road, and finally brought the car to a stop with its front end in the ditch and against the bank on the northerly side of the ditch. Just at this time defendant Montague was approaching from the east in his automobile, driving at a comparatively high rate of speed. Being confronted by the emergency caused by plaintiff's car unexpectedly crossing the westbound portion of the pavement, Montague swerved his car to his right and, under plaintiff's theory, Montague

drove to the north and to some extent off the pavement, and collided with plaintiff's car. The driver of plaintiff's car as a witness for plaintiff testified:

"*Q.* How long did you stay down there [in the ditch] before he struck you?

"*A.* Cannot judge time that way.

"*Q.* About like that, wasn't it, a snap of the fingers?

"*A.* Very close."

For the purpose of decision herein it may be conceded that Montague was negligent; but the conclusion is also inescapable that the driver of plaintiff's car was guilty of negligence in that while he was proceeding in an easterly direction he was not driving his automobile in such a manner and under such control as was requisite under the statute for the safety of those proceeding immediately ahead of him as well as of the safety of the occupants of his own car, or at such a rate that he could stop in the safe clear distance ahead. It was that negligence which put the car in which plaintiff was riding in the position it was when struck by defendant's car. The negligence of plaintiff's driver was a proximate cause of the accident; and as a matter of law it constituted contributory negligence imputable to plaintiff. This was one of the grounds on which the trial judge entered judgment *non obstante veredicto* for defendant. That holding was correct.

I concur with Mr. Justice WIEST in what he has written concerning the sufficiency of plaintiff's declaration; but that alone is not controlling on this appeal. The judgment entered in the circuit court should be affirmed for the reason above indicated. Costs should be to appellee Montague.

BUSHNELL and BOYLES, JJ., concurred with NORTH, J.