### BISHOP v. PLUMB.

1. NEGLIGENCE — CONCURRENT NEGLIGENCE — LIABILITY OF TORT-FEASOR.

Recovery may be had against 1 or more tort-feasors whose negligence has operated concurrently and proximately contributed to plaintiff's injury, although but 1 satisfaction may be had.

2. AUTOMOBILES—CONSOLIDATED CASES OF DRIVER AND PASSENGER—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—REQUEST TO CHARGE.

It was reversible error for trial court in consolidated actions of husband and wife against defendant motorist in action arising from rear-end collision, wherein issue of husband-driver's contributory negligence was submitted to jury in his action, not to instruct jury in wife's action, although no request was made therefor, that she was entitled to recover full damages against defendant notwithstanding her husband may have been guilty of contributory negligence, since his negligence may not be imputed to her.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   52 Am Jur, Torts §§ 110, 131.
[2]   5A Am Jur, Automobiles and Highway Traffic §§ 817, 1092.
   Negligence of one spouse as imputable to other because of the marital relationship itself.   59 ALR 153, 110 ALR 1099.
[3]   15 Am Jur, Damages § 369 et seq.
[4]   5A Am Jur, Automobiles and Highway Traffic § 723.

3. TRIAL—INSTRUCTIONS—CONSOLIDATED CASES—DAMAGES.

A trial judge, in giving instructions in consolidated cases, must instruct the jury properly and fully on each measure of damages each plaintiff is entitled to recover if liability of the defendant to him be established.

4. AUTOMOBILES—REAR-END COLLISION—RIGHT TURN—PEDESTRIAN ON CROSSWALK—CONTRIBUTORY NEGLIGENCE.

Issue of southbound right-turning plaintiff driver's contributory negligence was properly submitted to jury in his action against defendant motorist who collided with rear end of plaintiff's car which was stopped before right turn was completed in order to permit passage of northbound pedestrian then lawfully within crosswalk on west side of intersection, there being a question of fact as to whether the turn could have been completed without endangering the pedestrian or interfering with his right-of-way (CLS 1956, § 257.612).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting in part.

Appeal from Genesee; Roth (Stephen J.), J. Submitted June 9, 1960. (Docket Nos. 34, 35, Calendar Nos. 48,385, 48,386.) Decided April 26, 1961. Rehearing denied June 28, 1961.

Case by Barbara Bishop against Bert W. Plumb for personal injuries sustained in automobile collision. Similar action by Winferd H. Bishop for medical expense and property damage. Cases consolidated for trial and on appeal. Verdict and judgment for plaintiff Barbara Bishop. Verdict and judgment of no cause of action as to plaintiff Winferd H. Bishop. Plaintiffs appeal, Barbara Bishop claiming inadequacy of verdict. Reversed and remanded for new trial in respect to plaintiff Barbara Bishop. Affirmed as to plaintiff Winferd H. Bishop.

*Leitson & Dean* (*Max Dean,* of counsel), for plaintiffs.

*Gault, Davison & Bowers* (*Matthew Davison, Jr.,* of counsel), for defendant.

SOURIS, J.  Plaintiffs' car had stopped in response to a red traffic light.  Defendant had stopped his car immediately behind plaintiffs'.  When the traffic signal became green, both cars started in motion, plaintiffs' turning right and defendant's moving straight ahead.  Just before completion of the right turn, plaintiffs' car stopped suddenly and was struck from behind by defendant's.  Plaintiffs are husband and wife, Mr. Bishop being the driver.

Mrs. Bishop started suit for damages for the injuries she incurred.  Mr. Bishop sued for recovery of the cost of repairing his car and of his wife's medical expenses and damages for his loss of his wife's services.  The cases were consolidated for trial by consent of all parties and the jury returned a verdict of $1,000 for Mrs. Bishop and found no cause for action in her husband's suit.

Contributory negligence by Mr. Bishop was pleaded as a defense by defendant, and it was an issue submitted in the trial court's charge for jury determination.  In view of the verdicts returned, it is a fair inference that the jury found defendant actionably negligent and, while denying Mr. Bishop recovery because it found him to be contributorily negligent, it awarded Mrs. Bishop a judgment against defendant because her host driver's contributory negligence may not be imputed to her.  *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697).  This is the only logical explanation of the verdicts, assuming they were made within the scope of the trial court's charge to the jury.

Both plaintiffs appeal, claiming that there was no evidence whatever of Mr. Bishop's contributory negligence and that injection of that issue in the court's charge was not only prejudicial to him, but in the absence of an instruction on damages where concurrent negligence results in a single indivisible injury, the charge was prejudicial to Mrs. Bishop as

evidenced by what plaintiffs consider to be a totally inadequate award of damages to her. In effect, they claim (1) that Mr. Bishop, as a matter of law, was not guilty of contributory negligence and, (2) that if the evidence supported a finding of Mr. Bishop's contributory negligence, the trial court should have instructed the jury that Mrs. Bishop was entitled to recover her full damages, if any, from defendant notwithstanding the fact that Mr. Bishop may be found to have been contributorily negligent.

In *Banzhof* v. *Roche,* 228 Mich 36, 41, this Court said:

"It is elementary that where injury results from the concurrent negligence of 2 or more, each proximately contributing to the result, recovery may be had against 1 or more, although but 1 satisfaction may be had. If the negligence of the defendant company caused the injury, it is not absolved from liability because the concurrent negligence of Roche contributed to the result."

See, also, *Barkman* v. *Montague,* 297 Mich 538; 1 Shearman & Redfield on Negligence (6th ed), § 122; and *Maddux* v. *Donaldson,* 362 Mich 425, quoting from 1 Cooley, Torts (3d ed), p 247, Prosser, Torts (2d ed), p 226, and 4 Restatement, Torts, § 879. Plaintiffs' counsel was entitled to request the trial judge to instruct the jury that if it found defendant guilty of negligence which was a proximate cause of Mrs. Bishop's injuries, even if Mr. Bishop were found by the jury to have been contributorily negligent, Mrs. Bishop was entitled to recover a judgment against defendant for her entire damage. Had request been made, the trial judge would have erred had he refused to give such an instruction. However, no such request was made by counsel. Our problem is: Was the trial court's omission of such instruction, in the absence of a request therefor, reversible error?

Not infrequently these days, our trial courts hear automobile negligence cases like these of the Bishops consolidated for trial by consent for the convenience of the parties, of the court, and of the public. One inherent danger in consolidation of such cases is that breaches of duty by one party plaintiff may erroneously be attributed by the jury to another party plaintiff, even when care is exercised by the trial court in his charge to the jury to keep the legal rights of the litigants separate. For example, in this case, contributory negligence of plaintiff driver might have been imputed to Mrs. Bishop, a guest passenger, had the court not given a protective instruction based upon *Bricker* v. *Green, supra.* Once the court submitted the question of Mr. Bishop's contributory negligence to the jury, it was an essential requirement of fair and full instruction on the law applicable to Mrs. Bishop's case that he also instruct the jury that Mr. Bishop's contributory negligence, if any, should not be imputed to Mrs. Bishop, a guest passenger, and he did so. Had he failed to so instruct on such an important element of the law applicable to the facts in this particular case, he would have committed reversible error even though no request were made to so charge. See *Martiniano* v. *Booth,* 359 Mich 680, 688–693, 695.

In consolidated actions such as these, it is not enough that the judge instruct the jury on each plaintiff's right to recover; to fulfill his obligation[1] to instruct the jury as to the law applicable to such cases, he must also instruct the jury properly and fully on each measure of damages each plaintiff is entitled to recover if liability of the defendant to him be established. It would be a futile act to require an instruction on such an important element of the law as Mrs. Bishop's right to recover against defendant

---

[1] Court Rule No 37, § 9 (1945).

notwithstanding her coplaintiff's contributory negligence, without also requiring an instruction on the equally important element of the law that she is entitled to recover her full damages against defendant notwithstanding such contributory negligence by a coplaintiff; in short, that the jury must not attempt to apportion her damages between her coplaintiff and defendant. She was entitled to such an essential instruction whether or not her counsel requested it. In the absence of such an instruction, it is a fair inference that once the jury found Mr. Bishop negligent and that his negligence contributed to Mrs. Bishop's injuries, it failed to assess against defendant that portion of Mrs. Bishop's damages it charged to her husband's negligence. That is the logical course, and since nowhere in the court's instructions was the legal course prescribed, we must assume that the jury followed the logical course. Mrs. Bishop is entitled to a new trial.

Mr. Bishop's appeal presents a more fundamental problem of liability. Mr. Plumb, the defendant, testified that he stopped behind Mr. Bishop's car heading south while the traffic light was red. When the light became green, he saw a pedestrian step off the southwest curb of the intersecting street just as Mr. Bishop began his right turn onto that street. There was a truck at Mr. Plumb's left, barring his moving into the adjoining lane to get around plaintiffs' turning car. Mr. Plumb averted his gaze from straight ahead to his left to see "how close" the truck was and:

"Well, when I glanced back, Bishop had stopped. Well, I applied the brakes and at the same time we hit."

On cross-examination, he testified that the moment he glanced back, the rear stop lights on Mr. Bishop's

car went on and it stopped instantly without leaving tire skidmarks.

He further testified that had Mr. Bishop proceeded another 1 to 1-1/2 feet into his turn, there would have been room enough for southbound traffic to pass without hitting the Bishop car. According to defendant, the pedestrian was 4 to 5 feet across the eastbound lane of the 2-lane intersecting street[2] at the time of the collision, and he claimed that Mr. Bishop could have completed his turn without endangering the pedestrian.

Mr. Bishop, on the other hand, relied at the trial upon the statute[3] imposing upon a driver making a turn a duty to yield the right-of-way to a pedestrian lawfully in a crosswalk. He claims that stopping his car to yield the right-of-way to the pedestrian lawfully in the crosswalk could not constitute an act of negligence on his part in this action and, therefore, that the trial court erred in submitting the question of his contributory negligence to the jury. We cannot agree.

It is true that the statute required Mr. Bishop to give the pedestrian in the crosswalk positive preferential treatment. See *Bartlett* v. *Melzo,* 351 Mich 177, 187, where this Court so characterized a similar city ordinance. As was further said in that case,

[2] On cross-examination plaintiff testified the intersecting street was a 2-lane street, each lane about 10 feet in width. However, the pedestrian (plaintiff's witness) testified on cross-examination that at the point of collision the intersecting street was about 30 feet wide and that he was about 1/2 way across the eastbound lane.

[3] CLS 1956, § 257.612 (Stat Ann 1960 Rev § 9.2312), which reads in part as follows:

"Sec. 612. * * * The following colors shall be used and said terms and lights shall indicate and apply to drivers of vehicles as follows:

"(a) Green alone or 'Go'.

"Vehicular traffic facing the signal, except when prohibited under section 664 may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

the care required of the motorist goes beyond the common-law rule of ordinary care to which the pedestrian is entitled even without such legislative mandates. Indeed, whenever an automobile collides with a pedestrian lawfully within a crosswalk, it may well be that the motorist is guilty of violating the statutory standard of care, in the absence of extraordinary circumstances such as a deliberate suicidal movement by the pedestrian or the more familiar situation where a pedestrian suddenly panics and moves backward into the path of an automobile. See *Switzer* v. *Baker,* 178 Iowa 1063 (160 NW 372); *People* v. *McLachlan,* 36 Cal App2d 754 (93 P2d 280); and *Giles* v. *Happely,* 123 Cal App2d 894 (267 P2d 1051). But in the case at bar, there was ample competent testimony to support a jury's finding that Mr. Bishop could have completed his turn in safety without endangering the pedestrian or interfering with his right-of-way. Under these circumstances, it was for the jury to determine whether or not Mr. Bishop was guilty of contributory negligence in stopping as he did. The trial judge's charge correctly submitted this question to the jury. We find no prejudicial error in the trial of Mr. Bishop's case.

Accordingly, the verdict and judgment in Mrs. Bishop's case must be set aside and the case remanded for new trial. The judgment in Mr. Bishop's case is affirmed.

Smith, Black, Edwards, and Kavanagh, JJ., concurred with Souris, J.

Carr, J. (*dissenting in part*). Plaintiff Barbara Bishop was injured in a traffic accident occurring on April 8, 1958, at approximately 10 o'clock in the forenoon, at the intersection of North Saginaw street and Carpenter road in the city of Flint. She was at the time riding as a passenger in an automobile owned

and operated by her husband, Winferd H. Bishop, in a southerly direction on North Saginaw. It appears that a traffic light was in proper operation at said intersection at the time, said light being red for southbound traffic as the Bishop car approached. After the light turned green Mr. Bishop proceeded forward and began to make a right-hand turn into Carpenter road. As he did so he noted that a pedestrian had started to cross the latter thoroughfare in a northerly direction, and he brought his automobile to an immediate stop. In consequence the Bishop car was struck in the left rear by an automobile driven by the defendant.

Plaintiff Barbara Bishop brought suit in circuit court to recover damages for personal injuries sustained by her, and her husband also sued to recover for her medical and hospital expenses, loss of the services of the wife, and for damages to his automobile. The 2 cases were consolidated for trial before a jury in circuit court. It was the claim of the plaintiffs that the defendant was negligent in failing to make proper observations of other traffic, particularly plaintiff Bishop's automobile, and also for failure to have his car under reasonable and proper control, and that such negligence was the sole and proximate cause of the accident. Defendant Plumb denied any negligence on his part as claimed by plaintiffs, and by way of affirmative defense asserted that Mr. Bishop was guilty of contributory negligence. In substance it was his claim that Mr. Bishop stopped his car suddenly and without warning, and without any necessity for so doing.

The questions of negligence and contributory negligence were submitted to the jury which found that both drivers were negligent. In consequence recovery was denied Mr. Bishop in his case, and Mrs. Bishop was given a verdict in the sum of $1,000. Both plaintiffs have appealed. On behalf of Mr.

Bishop it is claimed that the verdict of the jury was contrary to the great weight of the evidence, that the trial court erred in denying his motion for a directed verdict, and that prejudicial error was committed in connection with the charge to the jury. On behalf of Mrs. Bishop it is insisted that the verdict returned was inadequate to constitute proper compensation for her injuries. The questions here raised were submitted to the trial judge by motions for new trials which were denied on the ground that the reasons urged were without substantial merit.

Mr. Justice Souris has written for affirmance of the judgment rendered in favor of defendant in the case brought by the husband on the ground that the defendant sustained the burden of proof resting on him with reference to the matter of alleged contributory negligence. We are in accord with such result. Under the evidence in the case the negligence of the drivers of the automobiles involved in the accident was for determination by the jury, and we find no error in the charge with reference thereto.

Testimony was introduced indicating that Carpenter road was a 2-lane thoroughfare but was in excess of 20 feet in width, possibly 30. When Mr. Bishop saw the pedestrian starting to cross said street the latter was approximately at or near the center line of the south lane. He had not, in other words, reached the center of the road and was not in front of the turning automobile of Mr. Bishop. The testimony of Mr. Bishop indicates that he stopped his car as a matter of courtesy to the pedestrian rather than because he considered that he would endanger the latter if he proceeded. It is also apparent that he stopped in the line of southbound traffic on Saginaw, that he might have properly proceeded a sufficient distance ahead to permit the pedestrian to pass in front of him, which movement would have avoided the impact from defendant's car, and that

he made his sudden stop without any attempt to ascertain if it would interfere with traffic approaching from the north. The jury might have inferred from the testimony of Mr. Bishop that he in fact failed to exercise reasonable care. While courtesy on the part of an operator of an automobile on a public highway is commendable, nonetheless one may not excuse negligent conduct on such basis. Courtesy must be observed with due regard to the safety of others. *Sweet* v. *Ringwelski*, 362 Mich 138.

The testimony of the pedestrian, Alvin S. King, who was called as a witness on behalf of plaintiffs, is significant. He stated that he observed the Bishop car, that he knew that it was turning on the north half of Carpenter road, and that at the rate of speed at which he was walking the automobile would have reached the crosswalk before he would have reached a position in front of it. This excerpt from his testimony suggests the situation as he saw it:

"*Q.* So that as far as your observations are concerned at the time of this accident, even if you had not stopped and he had proceeded, he would have been able to pass in front of you without endangering you in any way?

"*A.* I think so.

"*Q.* Now as a matter of fact, Mr. King, you never did get to the center of Carpenter road, did you?

"*A.* No.

"*Q.* And you didn't get much beyond the center of the south half of Carpenter road, did you?

"*A.* I would say just past the center of the south half.

"*Q.* In other words, that would be 5 or 6 feet of the 10-foot lane?

"*A.* Well, possibly a little more than that, because the road is a bit wider. I think it's about 30 foot wide at that point.

"*Q.* Well then a little over half of 15 feet then?

"*A.* Yes.

"*Q.* And is it the same width on the north half?

"*A.* Yes, sir, it is.

"*Q.* And do you agree with Mr. Bishop that he was keeping his turn to the—

"*A.* To his half.

"*Q.* To his half or better of the—

"*A.* Yes.

"*Q.* — north side of Carpenter road?

"*A.* Yes.

"*Q.* Well then, witness, you weren't responsible by having put yourself in a place of danger for Mr. Bishop to stop his automobile, were you?

"*A.* No.

"*Q.* Did you at any time feel that you were in any danger after you saw him making his right-hand turn, as far as his car and you are concerned?

"*A.* Well, the only thing I did feel was that when the collision—I noticed the collision was about to occur, that I might become involved, and stepped back.

"*Q.* But other than that—

"*A.* No.

"*Q.* —as far as the movement of Bishop's car is concerned, you were never concerned about you and it getting together—

"*A.* Not—

"*Q.* — if he had proceeded on with his turn?

"*A.* No."

The finding of the jury that Mr. Bishop was guilty of negligence that contributed to the accident, and, in consequence, barred his recovery, may not be said to have been against the great weight of the evidence. The jurors were entitled to draw legitimate inferences from the facts as disclosed by the testimony of the witnesses. The trial court was not in error in denying the motion for a directed verdict in Mr. Bishop's favor or in denying the motion for a new trial.

This brings us to a consideration of the question whether a new trial should have been granted to Mrs. Bishop on the theory that the verdict returned in her favor was inadequate and that prejudicial error was committed by the trial judge in submitting her case to the jury. It appears from the brief filed by counsel for appellants that a new trial is asked in her behalf on the ground that Mr. Bishop is entitled to a new trial and that if error was committed on the trial of the issues involving his right to recover the amount of the verdict in favor of Mrs. Bishop might have been affected thereby. The position taken by counsel for appellants is summarized in the following statement from their brief:

"Barbara Bishop concedes that the question of setting aside her verdict as inadequate and granting her a new trial should logically be considered after this Court's consideration of and determination as to whether or not Winferd H. Bishop is entitled to a new trial. Under part 2 of this point of argument if no error is found requiring a new trial for the appellant driver the appellant passenger concedes she has no grounds for a new trial. However, appellants urge that where separate suits for husband and wife are consolidated for trial and the husband driver receives a no cause and the damage award to plaintiff wife is merely nominal in the event this Court orders a new trial for the husband, justice requires that a new trial also be ordered for the wife."

In submitting the cases to the jury the trial judge fully and carefully stated the claims of the parties and the theories of their respective causes of action. The following excerpts from the charge indicate the care observed:

"On the other hand, the contributory negligence of Winferd Bishop if established by the evidence in accordance with the rules I outlined will not serve to defeat Barbara Bishop's claim against the defend-

ant, for her driver's negligence cannot be charged or imputed to her, provided, of course, that you find the other necessary elements; that is, provided you believe the evidence establishes the negligence of the defendant and also that such negligence is the proximate cause or a proximate cause of the injuries to her. There is that difference then between the 2 cases. * * *

"Now when you reach the point where you determine that the plaintiffs are entitled to recover damages, the amount of damages must be neither more nor less than such an amount as will in your judgment fairly compensate them for the particular injuries and damages which were occasioned by the negligence of the defendant.

"You are instructed that in this case the plaintiff, Barbara Bishop, being a married woman, can recover for her pain, suffering, and disability and for her loss of earning capacity if any has been shown and that her husband, Winferd Bishop, being the person who is legally responsible for the medical bills and hospital bills of Barbara Bishop may only be awarded the medical expenses and for the loss of services of his wife and for the damage to the automobile which he was required to pay.

"Now as I have indicated, damages which may be recovered in this case are various kinds. First there would be damages which would have been suffered by the plaintiff or either of them up to the present time; second, damages which will be suffered for some time in the future; and third, damages which will be suffered because of any permanent injuries should you find them, established by the evidence, that is lasting as long as Barbara Bishop may live.

"Now while you should consider these categories of damages separately as to each of the plaintiffs, you will total them and report them in one lump sum in each case.

"I have already indicated the type of damages, categories which you may consider in this case.

Perhaps I should make some comment on the element known as pain and suffering.

"Now pain and suffering if properly established by the evidence constitute an injury [for] which compensation may be awarded. By their very nature, damages allowable for pain and suffering are not mathematically ascertainable in extent of dollars and cents, and this applies to any physical impairment. Accordingly, the law says that the amount to be allowed rests in your sound judgment, and it should be in such an amount as you believe will fairly compensate the plaintiffs or the plaintiff for such items of damage. We say it rests in your sound judgment, for the law has no measuring rod or formula for measuring such things.

"Now as to damages up to now, the preponderance of the evidence must establish that they have been suffered and incurred both as to the fact and as to the amount. As to future damages, the preponderance of the evidence must establish that they will with reasonable certainty be suffered both as to fact and amount.

"The plaintiff, Barbara Bishop, claims that some of her injuries are permanent; that is, that they will last for as long as she lives. There is evidence from which you may find that some of plaintiff's injuries are permanent or are likely to continue into the future. If you find that they are likely to continue into the future or are permanent and that she will suffer damages from them, you may allow such amount for these permanent injuries or disabilities as in your sound judgment you feel she is entitled to.

"Now it's for you and you alone to determine what injuries the plaintiff, Barbara Bishop, has suffered, what damages the 2 parties have suffered up to now and it is for you and for you alone from the evidence to determine what if any disability will continue into the future and for how long it will continue.

"Now if you reach the point where you find that the plaintiff, Barbara Bishop, is reasonably certain to

suffer future damages, then it is for you to determine from the evidence how long a period of time she will continue to suffer damages and the amount of those damages from year to year, but not in any event exceeding the life expectancy of the plaintiff. When you have determined those damages which the plaintiff will suffer from year to year, you are to ascertain their present worth."

· We do not think it possible that the jurors could have misunderstood the trial judge or could have gained the impression that if they found the defendant negligent they could award to Mrs. Bishop damages in any less amount than would constitute fair compensation for the injuries and losses sustained by her. The language above quoted clearly indicates, and must have so indicated to the jury, that, if entitled to recover, the amount of the verdict in her favor must necessarily be for the full damages sustained by her. There certainly is no suggestion that any part or portion of damages that the jury deemed to be adequate for Mrs. Bishop could be apportioned to the negligence of her husband. The charge as given fairly negatives any such inference or conclusion.

No request was made by counsel for Mrs. Bishop for a specific charge covering the question now raised on this appeal. Mr. Justice SOURIS, notwithstanding the failure to make any such request, would grant a new trial to Mrs. Bishop on the theory that the verdict was inadequate and that it was the duty of the trial judge to specifically state to the jury that she was entitled to recover full damages against defendant notwithstanding a finding of contributory negligence on the part of the husband. With such conclusion we cannot agree. We are not dealing here with a charge deemed to be affirmatively erroneous, nor with the failure to cover an essential element involved in the *cause* of action. Rather, the matter at

issue related solely to the determination of the amount of recovery, a matter fully covered in the charge as given. We cannot agree that the omission on the part of the judge to further elaborate to the extent suggested, on his own motion and without any suggestion or request therefor, is sufficient ground for a new trial. Failure to so charge under all the circumstances involved in these cases was not erroneous.

Michigan Court Rule No 37, § 9 (1945), specifically provides that:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

It may be noted also that counsel for Mrs. Bishop did not claim in their motion for a new trial that the charge was erroneous because of the failure to warn the jury specifically that if Mrs. Bishop was entitled to recover the verdict should cover all damages sustained by her without reference to the contributory negligence of the driver of the automobile in which she was riding. In the statement of questions involved, set forth in the brief of appellants, no such issue is raised. See Court Rule No 67 (1945). With reference to the effect of failure to request a specific charge of the character here in question, see *Torma* v. *Montgomery Ward & Company,* 336 Mich 468, 487; *Hoag* v. *Hyzy,* 339 Mich 163, 172.

On the record before us it may not be said that the verdict for $1,000 as returned by the jury was so inadequate as to require the granting of a new trial. The medical testimony relating to the injuries sustained by Mrs. Bishop, and particularly the permanency thereof, was in dispute. It rested with the triers of the facts to say which expert was correct, bearing in mind, of course, that the burden rested on plaintiff to establish her injuries and her right of

recovery therefor.   As said in *Campbell* v. *Brown,* 276 Mich 449, 454:

"The adequacy of amount of a verdict is also generally a matter for the jury.   We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy.   *Michaels* v. *Smith,* 240 Mich 671.   No such showing has been made, nor is the verdict so inadequate as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich 397.   See, also, *Sebring* v. *Mawby,* 251 Mich 628."

In *Brown* v. *Arnold,* 303 Mich 616, the verdict returned by the jury in a personal injury case exceeded actual expenses incurred by a small amount.   A new trial was sought on the ground that the verdict was inadequate.   On appeal this Court said (p 627):

"The court did not err in refusing to grant plaintiff's motion for a new trial on the ground of inadequate damages.   Trial courts have a large measure of discretion in the matter of granting new trials and this Court will not interfere unless the abuse of that discretion is palpable.   *Graeger* v. *Hager,* 275 Mich 363, and many cases there cited.   There is no claim that improper methods were used by counsel for either party in presenting this case to the jury. There is no claim of appeal to sympathy, bias or prejudice.   The case was fairly presented.   No question is raised as to the fairness of the charge, except on the one question we have discussed."

In the instant cases it does not appear that anything occurred during the trial that tended to create a feeling of prejudice or sympathy on the part of the jury.   It must be assumed that the jurors followed the charge of the trial judge as given.   The instructions as to the duty of the jury and the methods to be pursued in reaching the verdicts could scarcely have been misunderstood.   The claim of damages for pain and suffering was obviously an important

factor in the presentation of Mrs. Bishop's case, and it has been repeatedly recognized that damages therefor must rest in the sound judgment of the triers of the facts. *Watrous* v. *Conor*, 266 Mich 397; *Cleven* v. *Griffin*, 298 Mich 139.

We find no prejudicial error in these cases and the judgments entered should be affirmed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.