**Frances SOLIS, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, a foreign corporation, and Montgomery Ward and Company, a foreign corporation, jointly and severally, Defendants.**

**Civ. A. No. 38502.**

United States District Court,
E. D. Michigan, S. D.

Nov. 16, 1972.

Morris H. Shillman, Detroit, Mich., for plaintiff.

James M. Baysinger, of Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., for Norfolk and Western.

John B. Weaver, of Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for Montgomery Ward & Co.

## OPINION AND ORDER GRANTING MOTION TO REMAND

KENNEDY, District Judge.

This is an action for personal injuries sustained by plaintiff Frances Solis while in the employ of defendant Norfolk and Western Railway Company (hereinafter referred to as N & W) on the premises of defendant Montgomery Ward and Company (hereinafter referred to as Wards). The liability of N & W is based on the Federal Employers Liability Act, Sections 51 through 60, Title 45, United States Code. The liability of Wards is predicated upon the common law of the State of Michigan. Plaintiff is a resident of the State of Michigan and both defendants are foreign corporations. Plaintiff alleged in his complaint against both defendants filed in the State court that his injury was caused by defendants' joint and several acts of negligence. He alleged only a single accident. Defendant Wards has removed the case to the United States District Court. Plaintiff has moved to remand the action to the Circuit Court for the County of Wayne where it was first commenced. Defendant N & W did not join in the removal petition and the claim against N & W is not removable because of the prohibition of Section 1445, Title 28, United States Code, which prohibits the removal of actions arising under the Federal Employers Liability Act.

 Defendant Wards asserts that the cause of action against it is separate and independent of the cause of action against the N & W and that the entire case may, therefore, be removed under Section 1441(c) of Title 28, United States Code. That section provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein * * *."

The terms of 1441(c) were defined by the United States Supreme Court in American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). That Court said that "claim", as used in 1441(c), means a statement of facts upon which a cause of action rests (341 U.S. at 12-note 5, 71 S.Ct. at 539 note 5. Clearly the claim against Wards is not separate and independent of the claim against the N & W. The Supreme Court then went on to hold that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions . . .," there is no separate and independent claim or cause of action. In the instant case the plaintiff is seeking recovery from both defendants for a single wrong caused by either their joint or concurrent negligence. Under Michigan law, concurrently negligent acts of two parties renders them jointly liable if their acts are the proximate cause of a single injury or wrong. Banzhof v. Roche, 228 Mich. 36, 199 N. W. 607 (1924). It is true that the duties of the defendants toward the plaintiff differ in that N & W's duty to plaintiff is higher than that of defendant Wards; however, the duties of defendants in tort actions frequently differ. It is also true that contributory negligence will not bar recovery against N & W while it will against Wards. However, this same situation exists where one of two defendants is guilty of willful and wanton misconduct or gross negligence while another defendant is not.

Moreover, although plaintiff's claim against N & W is predicated on the Federal Employers Liability Act, the liability of a railroad under that Act, at least under the facts alleged in this case, are merely extensions of the employer's common-law liability.

None of the above considerations makes the the claim or cause of action against Wards a separate and independent cause of action.

The same conclusion reached by the Court here was reached by The Honorable Arthur J. Stanley, Jr., Chief Judge of the United States District Court, District of Kansas, in Anderson v. Union Pacific Railroad Co., 200 F.Supp. 465 (D.C.1962).

The complaint in this case alleges only one claim or cause of action within the meaning of Section 1441(c). The motion to remand is therefore granted.

It is ordered that the above action be remanded to the Circuit Court for the County of Wayne, State of Michigan.