[Civ. No. 4617.   Fourth Dist.   Mar. 30, 1953.]

GEORGE L. NELSON, Respondent, v. PORTERVILLE UNION HIGH SCHOOL DISTRICT et al., Appellants.

Chester O. Hansen, James H. Barstow and Ralph Jordan for Appellants.

Allen L. Martin and Dickson F. Maddox for Respondent.

MUSSELL, J.—This is an action for damages arising out of a collision between a Studebaker pickup truck driven by plaintiff and a Porterville Union High School bus driven by defendant William Bryan. A jury returned a verdict in favor of plaintiff. Defendants' motion for a new trial was denied and they appeal from the judgment.

The accident occurred about 7:15 a. m. on May 8, 1950, in the intersection of Terra Bella Boulevard and Highway 65 in the town of Terra Bella. Highway 65 runs north and south and Terra Bella Boulevard runs east and west. Plaintiff testified that he was driving north on Highway 65; that as he approached the intersection at Terra Bella Boulevard, he reduced his speed to 15 to 20 miles per hour; that the southwest corner of the intersection was unobstructed except for two umbrella trees; that he first noticed the school bus when he was about a block from the intersection, at which time the school bus was approximately 150 feet west and approaching from that direction; that the last time he saw the school bus prior to the time he entered the intersection it was 5, 10 to 15 feet from it; that he entered the intersection first and was traveling at a speed of approximately 15 miles per hour; that he estimated the speed of the bus at approximately 10 miles per hour; that it struck the left front end of his pickup and that he applied the brakes the moment of the impact.

An officer of the California Highway Patrol, who was called to the scene of the accident, testified that there were 6 feet of skid marks running north and south in the intersection, followed by 21 feet of burn marks, which latter marks ran in a general northeasterly direction and were presumably made by the Studebaker pickup after it had been struck by the bus; that there were no skid marks running in an easterly or westerly direction which were in any way related to the school bus; that the intersection at the southwest corner was open and unobstructed; that the point of impact was in the northeast quadrant of the intersection; that he took a statement from William Bryan, the bus driver, in which Bryan said "I did not see any car and the first thing was when I heard a girl scream and the car hit me."

A witness who was walking toward the scene of the accident and about 150 feet west of it testified that he estimated the speed of the Studebaker pickup at about 20 to 30 miles per hour; that the school bus was going 15 miles per hour and was increasing its speed; that the pickup entered the intersection before the school bus.

Bryan testified that he stopped at the railroad track about 125 feet from the intersection and entered it at about 10 miles per hour; that he looked two or three times before he entered it, but did not look to his left or right at any time thereafter; that the first he knew of the presence of another car was when he was warned by one of the occupants of the bus; that he then lost control of the bus and it continued on, colliding with two parked vehicles.

Other witnesses testified giving various estimates as to the speed of the two vehicles and as to which first entered the intersection.

It is not contended that the evidence was insufficient to support the jury's verdict in favor of plaintiff or that the damages awarded were excessive. ▆▆▆ This appeal is based solely upon the contention that the trial court erred in instructing the jury, at the request of plaintiff, in the language of Vehicle Code, section 670, when in fact the adequacy of the brakes of the vehicles involved was not at issue. The questioned instruction is as follows:

"The Vehicle Code of this State, in effect at the time of the accident involved in this case, provided, in part, as follows:

"Section 670. Part (a) No person shall operate on any highway any motor vehicle or combination of motor vehicle or other vehicle or vehicles of a type subject to registration hereunder unless such motor vehicle or at least one unit of any such combination of vehicles is equipped with brakes adequate to bring such motor vehicle or combination of vehicles to a complete stop when operated upon dry asphalt or concrete pavement surface where the grade does not exceed one per cent at the speeds set forth in the following table within the distances set opposite such speeds. Ten miles per hour, stopping distance 9.3 feet; fifteen miles per hour, stopping distance 20.8 feet; twenty miles per hour, stopping distance, 37.0 feet; twenty-five miles per hour, stopping distance 58.0 feet; thirty miles per hour, stopping distance 83.3 feet; thirty-five miles per hour, stopping distance 113.0 feet; forty miles per hour, stopping distance 148.0 feet; forty-five miles per hour, stopping distance 188.0 feet."

In the instant case there was no evidence that the brakes of either of the vehicles involved were defective and for that reason the instruction was inapplicable and should not have been given. ▮ However, it is well settled that an instruction, erroneous or correct, which relates to matters as to which there is no evidence will not justify a reversal unless it has misled the jury to the prejudice of the appellant. (*Trelut* v. *Kazarian,* 110 Cal.App.2d 506, 512 [243 P.2d 104].)

In *Hamm* v. *San Joaquin Etc. Canal Co.,* 44 Cal.App.2d 47, 60-61 [111 P.2d 940], an instruction was given to the effect that it is unlawful to operate a motor vehicle upon a public highway at a speed in excess of 30 miles per hour unless it is equipped with brakes by means of which it may be stopped within a distance of 83.3 feet. The court, in commenting upon the effect of this instruction, said:

"Finally, the appellants assign as prejudicial error the giving of an instruction to the effect that it is unlawful to operate a motor vehicle on a public highway at a speed in excess of thirty miles an hour, unless it is equipped with brakes by means of which it may be stopped within a distance of 83.3 feet. It is contended by the appellants this instruction is not applicable to the issues of these cases for the reason that there is no evidence that the brakes of Mr. Fittje's machine were defective, and because it was not contended at the trial that they were defective. That claim is true. There is absolutely no evidence that the brakes of his car were defective. Mr. Fittje admitted that he did not apply his brakes or attempt to stop his car before the collisions occurred. It must be conceded the last-mentioned instruction was inapplicable, but we are unable to see how it could have been prejudicial, or that the absence of that instruction would have warranted the jury in returning a different verdict. It is a well-established rule that the giving of an instruction upon a question regarding which there is no evidence in the record will not justify a reversal of the judgment, even though the instruction is inapplicable, unless it appears that it was likely to mislead the jury or prejudice the appellant. (*Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53, 57 [77 P.2d 855]; *Estate of Clark,* 180 Cal. 395, 398 [181 P. 639]; 2 Cal.Jur. 1027, sec. 611.)"

Appellants rely upon the cases of *Ketchum* v. *Pattee,* 37 Cal. App.2d 122 [98 P.2d 1051] and *Moore* v. *Miller,* 51 Cal.App. 2d 674 [125 P.2d 576]. In the Ketchum case the jury was instructed that a violation of section 670 of the Vehicle Code

is negligence *per se,* and also that a violation of section 528 of the same code, which was included in the instruction given, is negligence *per se.* In the instant case no reference is made in the instruction given as to whether either of the drivers involved was negligent, and the jury was elsewhere fully instructed as to all principles of law involved in the case. In the Ketchum case the court dwelled at length with the inapplicability of that part of the instruction embodying subdivisions a and b of section 528 of the Vehicle Code and held that the jury should not have been told that a violation of the statute constituted negligence as a matter of law and that under all of the circumstances of the case, prejudicial error appeared. In the Moore case, plaintiff complained of the refusal of the court to give an instruction in the language of section 670 of the Vehicle Code and the court held that such an instruction was not required in the case. These cases present situations factually different from those before us and are not controlling here.

In *Sortino* v. *Loneoak,* 66 Cal.App.2d 876, 884 [153 P.2d 428], the court said, quoting from *People* v. *Cochran,* 61 Cal. 548:

" 'If an instruction in a case is asked which refers to facts which there is no evidence to prove, it is not error to refuse to give it; and if given, although in fact erroneous in the abstract, it will not be regarded as an error for which the judgment will be reversed, unless it be manifest that the jury was misled by it to the prejudice of the defendant.' "

While in our opinion the instruction given in the instant case was inapplicable and should not have been given, the record does not indicate that the jury was misled by it to the prejudice of the defendant or that the error requires a reversal of the judgment.

Appellants state that plaintiff's counsel argued to the jury in connection with the questioned instruction stating that he hoped that there would be an instruction given as to stopping distances and that the jury was misled by this statement. However, the remarks were made in the opening argument and the jury was instructed that statements of counsel were not to be considered as evidence in the case. No prejudicial error appears in the remarks made by plaintiff's counsel.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.