[Civ. No. 15546.   First Dist., Div. One.   Sept. 15, 1953.]

CARL ALLEN DICK, Appellant, v. WILLIAM L. SCHOENER, Respondent.

J. Adrian Palmquist and Ralph Nathanson for Appellant.

Brown, Rosson & Berry for Respondent.

BRAY, J.—Appealing from a judgment entered upon a jury verdict against him in an action for damages for personal injuries, plaintiff contends that the court erred in giving and refusing instructions, particularly that, as in *Taha* v. *Finegold*, 81 Cal.App.2d 536 [184 P.2d 533], the instructions overemphasized contributory negligence and plaintiff's duty.

## FACTS

This accident took place in plain daylight at the intersection of Dwight Way and Milvia Street, Berkeley. Plaintiff, a pedestrian, was walking northerly in the easterly crosswalk on Milvia Street when he was struck by the car driven by defendant. That car had been proceeding southerly on the west side of Milvia Street, made a left-hand turn easterly into Dwight Way and struck plaintiff while he was in the crosswalk, just as he was crossing the white center line of Dwight Way. Neither plaintiff nor defendant saw the other until the car and the plaintiff were 4 to 5 feet apart. As plaintiff concedes that there was sufficient evidence to support the verdict, it is unnecessary to detail the evidence. Plaintiff relies entirely upon his contentions concerning the instructions given and refused, and concerning one question permitted on the issue of plaintiff's injuries.

1. *Alleged Erroneous Instructions.*

Both plaintiff and defendant testified that it was the front of the car which struck plaintiff. Plaintiff testified after seeing the car 4 to 5 feet from him "directly in front of me" he took one to three steps forward which carried him into the path of the car. He denied that he walked into the car. He further testified that the car was "Right alongside of me, in front of me and alongside of me, I suppose the front of it hit me, that's all I know, it must have been—it hit me on the left side, so it must have been on the front side of it or somewhere." The court in an instruction to the effect that an auto driver is not required to do impossible things stated that if the jury found "that the plaintiff suddenly stepped into *the side* of the defendant's automobile" etc. (Emphasis added.) Plaintiff does not challenge the correctness of the legal principles stated in the instruction but claims there is not the slightest evidence that plaintiff stepped into the *side* of the car. Plaintiff contends that the giving of this instruction was prejudicial under the rule stated in *Hirshberg* v. *Strauss*, 64 Cal. 272 [28 P. 235] (instruction on exemplary damages), *In re Calkins*, 112 Cal. 296 [44 P. 577] (instructions on undue influence), *Stoneburner* v. *Richfield Oil Co.*, 118 Cal.App. 449 [5 P.2d 436] (instruction on contributory negligence), *Head* v. *Wilson*, 36 Cal.App.2d 244 [97 P.2d 509] (instruction on absence of driver's license). In those cases it was held that the giving of the particular instruction where there was no evidence of the subject matter was preju-

dicially erroneous. It is doubtful if plaintiff's testimony, in view of defendant's testimony that the front of the car struck plaintiff, justified the giving of this instruction. However, we fail to see how plaintiff could have been injured by the court saying "stepped into the side of" instead of "stepped in front of." Obviously the subject matter of the instructions in the above mentioned cases cannot be compared with this inadvertence. ■ As said in *Strandt* v. *Cannon*, 29 Cal. App.2d 509 [85 P.2d 160], also cited by plaintiff, "The test of error in giving a correct instruction of law is whether it is misleading." (P. 513.) (See, also, *Nelson* v. *Porterville U. H. School Dist.*, 117 Cal.App.2d 96 [254 P.2d 945].) It is clear that the jury could not have been misled by this instruction. In fact, at oral argument plaintiff practically conceded that the giving of this instruction alone would not justify a reversal but contended that taken in connection with the other instructions given it contributed to overemphasis on the subject of contributory negligence.

2. *Alleged Overemphasis.*

Plaintiff concedes that all instructions given were correct statements of the law. He contends, however, that instructions given on contributory negligence and plaintiff's duty of care, both in number and because some of them were formula instructions, overemphasized those issues.

We have carefully studied the instructions and are unable to find the overemphasis which we found in *Taha* v. *Finegold, supra*, 81 Cal.App.2d 536. It is true that more instructions in number were given concerning plaintiff's duty than concerning defendant's duty. An occasional repetition, in different language, occurred also. There were five formula instructions concerning plaintiff's duty, and only two of that type concerning defendant's duty. ■ While the courts generally frown upon the giving of formula instructions, the mere fact of a preponderance of those instructions, or even some repetition in the substance of instructions, has never alone been held to justify a reversal of a case. A study of the instructions gives no indication that they were of the type described in *Treadwell* v. *Nickel*, 194 Cal. 243, 262 [228 P. 25] : "Instructions which are framed solely for the purpose of and which simply have the effect of emphasizing some particular portion of the evidence . . ." ■ In considering the effect on the jury of the instructions, even though they were

read a second time,* it must be remembered that plaintiff admitted that at no time before or while crossing the street did he look for cars coming down the street or making a left turn, and did not see defendant's car until it was 4 or 5 feet away. In *Taha* v. *Finegold, supra,* 81 Cal.App.2d 536, 544, we said: "It is not the mere repetition here that is controlling. It is the duty of the trial court to fairly instruct, and while repetition alone does not make the charge unfair, where repetition exists to the extent here, coupled with the other factors, it does make the charge unfair." In our case there were not the same factors, nor do we find extensive repetition or that the charge was unfair.

As said by plaintiff, no hard and fast rule can be laid down as to how many instructions can be given on any issue. It requires a study of all the instructions and where, as plaintiff admits is the situation here, the instructions do not single out any particular fact for discussion, our duty is to determine whether the jury might reasonably conclude from them that it *ought to find* either that defendant had discharged his duty of care toward plaintiff or that plaintiff was guilty of contributory negligence. We find no such situation here.

### 3. *Refused Instructions.*

■ Plaintiff complains of the failure to give two legally correct instructions offered affecting the issue of contributory negligence and three affecting the duty of defendant as a driver of a motor vehicle. The court marked them as covered by other instructions given. A study of the instructions as a whole proves the court to have been correct. Plaintiff's proposed instruction No. 4 stated that the standard of care required of a driver is prudence and circumspection at all times; No. 12 stated that the driver must use reasonable care and caution for the safety of others; and No. 13 was to the effect that a person is responsible for injuries caused by lack of ordinary care in the use of his property. The court charged among other matters relating to the care required of a driver that the driver must be "alertly conscious of the fact that he is in charge of a machine capable of projecting into serious consequences any negligence of his own. Thus his caution must be adequate to that responsibility as related to all the surrounding circumstances." "In determining the question

---

*After the jury had been out approximately an hour they requested that the court repeat the instructions on contributory negligence and the effect of contributory negligence on a verdict.

as to whether or not defendant . . . was using that care and caution ordinarily exercised by a reasonably prudent person . . .'' The court also gave the usual instruction that a driver is bound to anticipate meeting vehicles and persons on the highway and to keep a reasonably prudent lookout for them. Plaintiff's requested instruction No. 8 concerning the burden of proving contributory negligence, and No. 10 to the effect that if plaintiff was acting as a reasonably prudent person he could not be guilty of contributory negligence, were likewise well covered. While the instructions given did not use the identical language of plaintiff's instructions, the rules set out in the proffered instructions were substantially covered. A party may not complain that the court did not instruct in the language requested by him if the subject matter is substantially incorporated in the instructions given. (*Rednell* v. *Thompson,* 108 Cal.App.2d 662 [239 P.2d 693]; *Ideal Heating Corp.* v. *Royal Indem. Co.,* 107 Cal.App.2d 662 [237 P.2d 521].)

4. *Cross-examination.*

It is obvious that it was not error to permit plaintiff's doctor, who had testified on direct examination that plaintiff had a permanent injury and who admitted on cross-examination that he could find no objective basis for plaintiff's complaints, to be asked by defendant if there might not be some connection between the continuance of subjective complaints and the fact of a lawsuit pending, even though on direct examination he had not mentioned the subject of subjective complaints.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.