[Civ. No. 19700.   Second Dist., Div. Two.   Mar. 17, 1954.]

JESSE P. GILES, Appellant, v. WILLIAM R. HAPPELY, JR., et al., Respondents.

Harry Aides for Appellant.

James V. Brewer for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for alleged negligence resulting from an automobile accident, plaintiff appeals.

*Facts:** April 8, 1951, at about 8:07 p. m. plaintiff was walking on the south side of Ventura Boulevard approaching the intersection of Berry Drive and said boulevard. At the

---

*The ·evidence is, ·pursuant to the established rule, viewed in the light most favorable to defendants (respondents). (See *Estate of Isenberg*, 63 Cal.App.2d 214, 216 [2] [146 P.2d 242].)

intersection where there were painted crosswalks, plaintiff stopped and started to cross to the north side of Ventura Boulevard within the crosswalk. He reached the center of the street where he stopped. Traffic was fairly heavy in both an easterly and westerly direction on Ventura.

Defendant Happely was driving his car east on Ventura Boulevard about 3 feet south of the center line of the intersection. After the front of his car had passed plaintiff, he saw plaintiff's elbow hit the rear view mirror on the left side of his car, the mirror being knocked off by the impact. Defendant had a radio aerial on the left front fender which was not damaged.

Plaintiff's right shoulder was injured as was his left ankle. Otherwise there were no injuries to plaintiff's left side excepting some abrasions .on the left leg between the knee and ankle. There were no scuff marks found on the front of the car between the front and where the rear view mirror was attached; there was a scuff mark in back of where the rear view mirror was attached and there was an indentation toward the rear of the car. At the instant of the accident defendant applied his brakes. As a result of having hit defendants' car, plaintiff was seriously injured.

Plaintiff relies for reversal of the judgment on these propositions:

■ First: *The trial court committed prejudicial error in instructing the jury as follows:*

"You are instructed that Section 560 of the California Vehicle Code in force at the time of the accident provided as follows:

" 'Pedestrians Right of Way at Crosswalks. (a) The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this chapter.'

"The rule established by this section applies only under circumstances when the different courses of the vehicle and the pedestrian render it dangerous for both to proceed on their respective ways without delay.

"You are instructed that when a pedestrian crossing a roadway in a crosswalk is proceeding beyond the path of the approaching vehicle so that no interference between them is reasonably to be expected, the driver need not wait and yield the right of way.

"You are further instructed that if a driver, after having allowed a pedestrian in a crosswalk to proceed in front of

him and reach a place of safety out of the way of his automobile, with no apparent further danger of conflict between them, may then proceed to drive across and through said crosswalk and he need not wait until the pedestrian has cleared the entire roadway.

''Under the same circumstances the said automobile driver need not anticipate that the pedestrian may change his mind and reverse his course of travel in the absence of circumstances suggesting such a course. If the pedestrian reverses his course and places himself in a position of peril in such close proximity to the driver's automobile so that the driver would not have time to stop or change his course to avoid a collision, such driver would not be liable in the absence of other negligence on his part which was the sole proximate cause of the collision.''

This contention is untenable. In *People* v. *McLachlan*, 36 Cal.App.2d Supp. 754 [93 P.2d 280], questions relative to the proper construction and meaning of section 560 of the Vehicle Code were exhaustively discussed by the court and such case is authority for the giving of the questioned instruction.

There is no merit in plaintiff's contention that in the instruction the trial judge usurped the province of the jury and instructed it as a matter of fact that plaintiff after having reached the center double line in the center of Ventura Boulevard reversed his course and backed into defendant's car. Such construction is tortious and distorts the language in the instruction which is clear, unambiguous and an abstract statement of correct principles of law. (See *People* v. *McLachlan, supra.*)

The rule is settled that instructions are to be considered as a whole and the words used therein considered in their ordinary meanings. As thus applied there is nothing in the questioned instruction which invades the province of the jury.

*Clarke* v. *Volpa Bros.,* 51 Cal.App.2d 173 [124 P.2d 377], *Vulicevich* v. *Skinner,* 77 Cal. 239 [19 P. 424], and other cases cited by plaintiff, were correctly decided but the facts in each of the cases are different from those in the instant case and are not here applicable.

Second: *Defendant was guilty of negligence as a matter of law in driving into the intersection at any time while plaintiff was still in the crosswalk.*

This proposition is not sound. The correct rule is accurately stated in *People* v. *McLachlan, supra,* by Mr. Presiding Judge Shaw, at page 757, as follows:

"Questions of right of way arise between two users of the highway only when there is danger of a collision between them if both proceed on their respective ways without delay. (*Mitrovich* v. *Graves,* (1938) 25 Cal.App.2d 649, 654, 655 [78 Pac.2d 227] ; *Cowan* v. *Market St. Ry. Co.,* (1935) 8 Cal.App. 2d 642, 646, 647 [47 Pac.2d 752] ; *Switzer* v. *Baker,* (1916) 178 Iowa, 1063 [160 N.W. 372, 375].) The case of *Mitrovich* v. *Graves, supra,* involved the provision of section 462 of the Vehicle Code which requires a pedestrian crossing a roadway at a point not within a crosswalk to 'yield the right of way to all vehicles upon the roadway', and the court said that it 'merely means that when the course of an automobile along a highway meets with that of a person who seek to walk across the street or roadway at a point other than along a marked crosswalk, under circumstances which render a·collision likely, the pedestrian must stop and permit the vehicle to pass ahead of him. . . . The rule applies only under circumstances when the opposite courses of the vehicle and the pedestrian render it dangerous for both to proceed on their respective ways without delay. Under such circumstances, the pedestrian must stop to permit the vehicle to precede him.' In *Switzer* v. *Baker, supra,* the court had under consideration a city ordinance providing that 'pedestrians are given the right of way over the crossings at street intersection', and said that such legislative regulations of the right of way mean 'that, when two or more persons moving in different directions approach a crossing at the same time or in such manner that if both or all continue their respective courses there is danger of collision, then the one having the preference is entitled to the first use of such crossing, and it is the duty of others to give him reasonable opportunity to do so.' "

█ Third : *The evidence is insufficient as a matter of fact to support the judgment in favor of defendants.*

This proposition is likewise untenable. From the evidence it was the province of the trier of fact (in this case the jury) to determine the facts in the case. The evidence supports the facts set forth above, which facts support the implied findings of fact of the jury that plaintiff started to cross Ventura Boulevard in a northerly direction within a marked crosswalk while fairly heavy traffic was traveling in an easterly

and westerly direction on the boulevard; that plaintiff reached the center of the boulevard and stopped on the double white line; that at the same time defendant Happely, driving in an easterly direction on Ventura Boulevard at about 25 miles per hour, with the left side of his car approximately 3 feet south of the center line and traveling about 18 feet to the rear of the car in front of him while watching the car in front of him passed plaintiff who was standing in the center of the street; that after the front of defendants' car had passed plaintiff, plaintiff turned back and with his right elbow struck the rear view mirror on the left side of defendants' car with the result that plaintiff received serious personal injuries.

Clearly under these findings of fact, which were supported by the evidence, plaintiff failed to sustain his burden of proof in establishing that any negligent act or acts of defendant Happely caused the unfortunate accident.

█ Fourth: *Defendant was guilty of negligence as a matter of law in not maintaining a reasonable outlook for pedestrians within the marked crosswalk.*

This proposition is devoid of merit. Plaintiff contends that since defendant Happely testified as to the aforementioned facts such defendant violated the provisions of section 560 of the Vehicle Code.

The mere fact that defendant was watching the car ahead of him does not change the fact that his vision was approximately 150 degrees to the right and left as well as straight in front of him and thus he was keeping a proper lookout for the approach of persons who might be about to step into the path his car was traveling. Whether he did so or not was a question of fact for the jury to determine from all the evidence, which they did in this case, impliedly finding that said defendant had kept a proper lookout.

█ Fifth: *Defendant was negligent as a matter of law in violating section 531, subdivision a, of the Vehicle Code which reads thus: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the conditions of, the roadway."*

Clearly this proposition is not meritorious. It was a question of fact from the evidence for the jury to determine whether or not defendant Happely was following unreasonably close to the car in front of him. We cannot say that 18 feet, which Mrs. Happely testified was the distance their car

was from the car in front of them, was not under the circumstances a reasonable interval to allow between the cars.

■ Sixth: *The trial court committed prejudicial error in submitting the question of contributory negligence to the jury.*

Clearly under the foregoing facts the trial court properly submitted to the jury the question of whether plaintiff was contributorily negligent. From the facts set forth above it is evident that the jury found plaintiff stepped back into the side of defendants' car. Thus the question presented to the jury, "Was the plaintiff contributorily negligent in his conduct?" pertained to this issue.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied March 30, 1954, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1954.