[Civ. No. 17428. First Dist., Div. Two. Mar. 28, 1958.]

LORAINE D. HIRTZ, Appellant, v. ROBERT C. PORTER et al., Respondents.

802

Low & Duryea for Appellant.

Ropers & Majeski for Respondents.

DRAPER, J.—This is an action for damages for personal injuries sustained by plaintiff when her automobile was struck from the rear by a cement mixer truck of defendant corporation, driven by defendant Porter. The two vehicles were in the center lane of three northbound lanes on El Camino Real in Redwood City. The accident occurred in the early afternoon of a clear day in August. There was evidence from which the jury could conclude that plaintiff stopped her car rather suddenly some 25 feet short of the crosswalk on James Avenue, first applying her brakes at a time when the signal for El Camino traffic was still green. Jury verdict was in favor of defendants, and plaintiff appeals from judgment thereon.

Plaintiff asserts error in the giving of each of three instructions. Two of the challenged instructions read as follows:

". . . Ordinarily, the burden rests upon the defendant to prove contributory negligence, the exception being where such contributory negligence appears from the testimony offered on behalf of the plaintiff. In other words, the burden of proof is met as to contributory negligence if it is shown by the evidence in the case regardless of who introduces the evidence."
and

"If you find from the evidence that the plaintiff was guilty of the slightest amount of negligence which proximately contributed to the accident in question and the resulting damage, your verdict must be for the defendant."

Precisely the same instructions are fully considered in *Hickenbottom* v. *Jeppesen,* 144 Cal.App.2d 115, 122-123 [300 P.2d 689], and are held to be erroneous, although not prejudicially so. Here the jury was otherwise given full and correct instructions as to the burden of proof of contributory negligence and, as in Hickenbottom, was properly instructed as to the definition of contributory negligence and proximate cause. Plaintiff emphasizes that the instructions are the same as those presented by the same counsel in Hickenbottom. However, the decision on appeal in that case was not rendered

until after trial of the case at bar. Thus no inference of calculation or misconduct can be drawn from that disapproval of the instructions here offered.

■ Plaintiff also assigns as error the giving of the following instruction:

"I instruct you that under the law a person operating a motor vehicle is not bound to anticipate that another person operating a vehicle will violate the law; and in this case I instruct you that the defendant was not required under the law to anticipate that plaintiff might violate the law, if you find that plaintiff did."

This instruction is erroneous in failing to advise that the assumption that another will obey the law is available only to one who himself is obeying the law. (*Fowler* v. *Allen,* 49 Cal.App.2d 214, 219 [121 P.2d 41].) However, the error is not prejudicial where, as here, a proper instruction (BAJI 138.1) was given. Read as a whole, the instructions were not misleading upon this point, and no prejudice appears. (*Fowler* v. *Allen, supra; Freeman* v. *Nickerson,* 77 Cal.App.2d 40, 61 [174 P.2d 688]; *Powers* v. *Shelton,* 74 Cal.App.2d 757, 763 [169 P.2d 482].)

Plaintiff's contention that the three errors are prejudicial is based upon her view that the evidence of negligence is very strong, and that of contributory negligence very weak. ■ But a driver is not necessarily guilty of negligence because his vehicle strikes the rear of another. (*Karageozian* v. *Bost,* 139 Cal.App.2d 874, 877 [294 P.2d 778].) In view of the correct and detailed instructions also given upon the subject matter of each of the three erroneous instructions, we are satisfied that the instructions as a whole did not mislead the jury, and that the cumulative effect of the errors was even less than in *Hickenbottom* v. *Jeppesen, supra,* 144 Cal. App.2d 115.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.